IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID D. PALMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. C-2-08-466 |
| v. | ) | JUDGE SMITH |
| | ) | Magistrate Judge Kemp |
| MARK EVERSON | ) | |
| IRS COMMISSIONER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**OPINION AND ORDER**

Pro Se Plaintiff David D. Palmer ("Palmer") brings this action against Defendant, IRS Commissioner Mark Everson ("Everson"), alleging that Defendant, an officer and agent of the United States, (1) knew of and acquiesced to the United States' unlawful conversion of Plaintiff's birth certificate, using the birth certificate as collateral for Office of Management and Budget Bonds ("OMB Bonds") to Plaintiff's financial detriment; and (2) that Plaintiff is owed amounts past due for federal income tax refund purposes. Plaintiff Complaint alleges these claims of conversion and withholding income tax refunds through a maze of allegations amounting to trespass, fraud, conspiracy, and extortion.

Defendant Everson has filed a Motion to Dismiss Plaintiff's Motion for Declaratory Judgment, on grounds of improper venue according to 28 U.S.C. § 1391(e), and failure to state a claim upon which relief can be granted according to Fed. R. Civ. P. 12(b)(1), (3), and (6) (Doc. 5). Plaintiff subsequently filed a Motion to dismiss removal of this action from state court to this Court (Doc. 6). Responding to Defendant's Motion to Dismiss, Plaintiff has filed a Motion to

Strike Defendant's Motion to Dismiss (Doc. 8). Plaintiff has filed a Motion for Summary Judgment based on Defendant's alleged failure to respond to Plaintiff's claims, and requesting as relief return of this case to the Vinton County State Court (Doc. 11). (Pl.'s Mot. for Summary J. at 1). Defendant timely filed a Response in Opposition to Plaintiff's Motion for Default/Summary Judgment, simply stating that Defendant has indeed defended this action by submitting a Motion to Dismiss (Doc. 12). Most recently, Plaintiff has filed a Motion to Strike Defendant's Response in Opposition to Plaintiff's Motion for Default/Summary Judgment (Doc. 13). These motions are now ripe for review. For the reasons that follow, this Court **GRANTS** Defendant's Motion to Dismiss (Doc. 5), dismissing with prejudice all Plaintiff's claims.

## I. FACTS

Plaintiff initiated this Complaint against Defendant Everson in the Vinton County Court of Common Pleas on May 14, 2008. (Compl. at 1). The action was removed to this Court a day later pursuant to 28 U.S.C. § 1442 (2008). Plaintiff seeks a declaratory judgment that the accounting and true bill, as calculated by him, are correct. Plaintiff's Complaint sets forth computations for his 2005 and 2006 tax year refunds, interest due on such refund, his birth certificate, and interest due on such birth certificate. (Compl. at 3). Plaintiff seeks a determination by this Court that such values are accurate pursuant to 31 U.S.C. § 3123 and § 3130.

Attached to Plaintiff's Complaint are Internal Revenue Service forms 1040 for 2005 and 2006 tax years. The forms reflect Plaintiff's correction of previously filed 1040 forms to reflect Plaintiff's determination of an increase in his gross income from $0 to $54,250,000 for the 2005 tax year, and an increase from $0 to $1,400,192 for the 2006 tax year.

## II. STANDARD OF REVIEW

This Court will not grant a motion to dismiss for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Schuer v. Rhodes*, 416 U.S. 232, 236 (1974). Review of a motion to dismiss is directed solely to the complaint and any exhibits attached to it. *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). Consequently, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 857, 858 (6th Cir. 1976).

Rule 12(b)(6) must be read in conjunction with Fed. R. Civ. P. 8(a) which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Wright & Miller, *Federal Practice and Procedure* § 1356 (1990). The moving party is entitled to relief only when the complaint fails to meet this liberal standard. *Id*.

Pro se plaintiff pleadings are held to an especially liberal standard. *Herron v. Harrison*, 203 F.3d 410 (6th Cir. 2000); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief.'") (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). Granting a motion to dismiss a pro se litigant's complaint is appropriate only when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* (citing Fed. R. Civ. P. 12(b)(6)).

Still, the notice pleading standard in Rule 8(a) requires more than bare assertions of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.* (emphasis in original, internal quotation marks omitted). Therefore, pro se complaints are insufficient unless they raise a right to relief above a speculative level. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## III. DISCUSSION

Five motions are now pending before this Court: Defendant's Motion to Dismiss (Doc. 5), Plaintiff's Motion in Opposition to Removal from State to Federal Court (Doc. 6), Plaintiff's Motion to Strike Defendant's Motion to Dismiss (Doc. 8), Plaintiff's Motion for Default/Summary Judgment (Doc. 11); and Plaintiff's Motion to Strike Defendant's Response in Opposition to Plaintiff's Motion for Default/Summary Judgment. This Court will address Defendant's Motion to Dismiss, which is dispositive of the remaining pending motions. The Court will first address Plaintiff's claim for conversion, and then address Plaintiff's claim for amounts owed under federal income tax refunds.

### A. Defendant's Motion to Dismiss

Defendant requests this Court dismiss Plaintiff's Complaint on grounds of lack of jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. (Def.'s Mot. to Dismiss at 1). Defendant's Motion to Dismiss primarily asserts that Plaintiff's Complaint is frivolous. The Court finds that a determination on grounds of subject matter jurisdiction (Rule 12(b)(1)) or venue (Rule 12(b)(3)) will not adequately resolve the full scope of the present action. Therefore, the Court will focus on Defendant's Motion to Dismiss pursuant to Rule 12(b)(6), rather than the procedural arguments set forth by Defendant that will not fully resolve the instant proceeding. Determining merits, rather than procedural compliance, is also consistent with this Court's liberal approach to pro se plaintiffs.

For the reasons that follow, this Court finds that Plaintiff has stated no claim upon which relief can be granted, and therefore **GRANTS** Defendant's Motion to Dismiss on grounds of Rule 12(b)(6).

### 1. *Alleged Conversion of Plaintiff's Birth Certificate*

Plaintiff asserts Defendant, as an officer and agent of the United States, misappropriated Plaintiff's original birth certificate, using the same to issue bonds to the public, simultaneously creating revenue for the United States government and depriving Plaintiff of claimed financial value of his birth certificate. The Court finds that Plaintiff has essentially made a claim for conversion. The law of conversion applies to personal property and commercial transactions under the Uniform Commercial Code. U.C.C. § 3-420(a) ("The law applicable to conversion of personal property applies to instruments."). Under Ohio law, the elements of a claim for conversion are: (1) plaintiff's ownership or right to possession of the property at the time of the conversion; (2) defendant's conversion by a wrongful act or disposition of plaintiff's property

rights; and (3) damages. *NPF IV, Inc. v. Transitional Health Services*, 922 F. Supp. 77, 81 (S.D. Ohio 1996) (Graham, J.).

A threshold issue to establish conversion is Defendant's wrongful control or exercise of dominion over Plaintiff's birth certificate (personal property). To this end, Plaintiff has merely made unsubstantiated statements: stating the "Face Value of Original Birth Certificate" to be $1,000,000, asserting a claim for "Interest on Public Use of Birth Certificate (Commercial Paper) for 65 years" amounting to $44,144,971, and that Plaintiff was never informed "of [the] unlawful taking of [his] private property . . . as the United States has a policy of concealing these facts from its citizens . . . as the United States is using this commercial paper as Collateral to back the U.S. Treasury Bonds" issued as loans from the United States.[1] While a motion to dismiss will be denied if facts alleged are sufficient to state a claim, Plaintiff has alleged no facts and has not made adequate allegations from which this Court may infer he incurred damages. Parties may not legally profit from the sale of birth certificates; such documents hold no commercial value. Plaintiff has failed to establish how value could be attributed to birth certificates. Furthermore, Plaintiff has not substantiated any allegation that Defendant reaped a fictitious benefit from a valueless instrument.

Plaintiff's claim that his birth certificate constitutes valuable commercial paper that was converted by Defendant must be denied outright. Birth certificates are non-transferable items and do not qualify as commercial paper. *See* U.C.C. § 3-104 (2008). The non-transferrable nature of birth certificates preclude's Plaintiff's claim that he was denied the value of his birth

---

[1] The preceding list is not exhaustive. Plaintiff's self-styled "Declarations" continue for nearly 15 pages. *See* Pl.'s Notice of Default and Dishonor and Final Admin. Judgment (Doc. 5-2). Not once are facts alleged to support Plaintiff's speculative beliefs.

certificate through Defendant's alleged transactions with such document.

Related to Plaintiff's conversion claim, Plaintiff alleges Defendant violated 31 U.S.C. §§ 3123 and 3130, for failing to pay interest allegedly owed Plaintiff on debt backed by Plaintiff's birth certificate. Notwithstanding this Court's determination that Plaintiff has set forth no facts in support of his conversion claim, this Court finds that Plaintiff has misconstrued the term "public debt" in Sections 3123 and 3130 to mean a debt owed him, as a member of the public. The Court therefore finds that Defendant is not in violation of United States Code Sections 3123 and 3130. For the above stated reasons, this Court rejects Plaintiff's claim for wrongful conversion of his birth certificate.

### 2. *Plaintiff's Claim for Federal Income Tax Refunds*

Plaintiff asserts that he is owed a federal income tax refund for the 2005 tax year in the amount of $54,250,000. The Court finds Plaintiff's claim deficient on a number of grounds.

First, pursuant to 26 U.S.C. § 7422 (2008), a suit or proceeding may be "maintained only against the United States, and not any officer or employee of the United States . . . ." This very suit violates such unambiguous language. Second, prior to any suit or proceeding being maintained in this Court, Plaintiff must file a claim for refund with the Secretary of the Internal Revenue. *Id.* Plaintiff has made no showing that a claim for deficiency was first filed with the Secretary. Finally, in making his refund claim, Plaintiff relies on a bare conclusory statement that he is due an (admittedly) estimated refund of $54,250,000. Plaintiff has not put forth any documentation in support of his claimed refund. Plaintiff has indeed failed to set forth sufficient factual allegations that he is entitled to the claimed tax refund relief. For the above stated reasons, this Court rejects Plaintiff's claim for tax refunds for the 2005 tax year.

## IV. DISPOSITION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss, dismissing with prejudice all of Plaintiff's claims.

The Clerk shall remove Documents 5, 6, 8, 11, 12, and 13 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

                                            */s/ George C. Smith*
                                            **GEORGE C. SMITH, JUDGE**
                                            **UNITED STATES DISTRICT COURT**